UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FORREST SAMUEL,<br>Plaintiff,<br>v.<br>DUNAMIS MEDICAL, LLC, et al.,<br>Defendants. | Case No.: 26-cv-3906-RSH-DDL<br>**ORDER ON MOTION TO TRANSFER VENUE**<br>[ECF No. 10] |

Before the Court is a motion to transfer venue or to alternatively stay the case filed by defendant Dunamis Medical, LLC. ECF No. 10. Pursuant to Local Civil Rule 7.1(d)(1), the Court finds the motion presented appropriate for resolution without oral argument. For the reasons below, the Court denies the motion.

## I. BACKGROUND

### A. Plaintiff's Allegations

The instant case arises from Plaintiff's work for Defendant and his purported misclassification as an independent contractor. Plaintiff's Complaint alleges as follows.

Defendant is a limited liability company that develops medical devices. ECF No. 1-3, Ex. 1 ("Compl.") at ¶ 2. Plaintiff began working for Defendant in 2014. *Id.* at ¶ 7. From November 2022 until his termination in April 2026, Plaintiff worked exclusively for

Defendant. *Id.* at ¶¶ 7, 12. During his tenure, Plaintiff allegedly served as Defendant's sole engineer and was responsible for designing and developing its medical devices. *Id.* at ¶ 7. Although Plaintiff billed Defendant through his limited liability company, Harmos Consulting LLC, he alleges that he used this company solely for that purpose and that it did not operate independently of his work for Defendant. *Id.* at ¶ 12; ECF No. 1 at ¶ 3.

According to the Complaint, Defendant misclassified Plaintiff as an independent contractor instead of as an employee. Compl. at ¶¶ 7–12. On the basis of this alleged misclassification, Plaintiff seeks unpaid overtime, premiums for missed meal and rest periods, reimbursement of business expenses, and statutory penalties. *Id.* at ¶¶ 13, 18–36. Plaintiff also alleges that Defendant terminated him for raising concerns about inaccurate AI-generated meeting summaries. *Id.* at ¶¶ 14–17, 37–41. Plaintiff lastly claims Defendant holds patents and pending applications covering inventions he conceived or helped develop. *Id.* at ¶¶ 51–53.

### B. Procedural Background

On June 4, 2026, Plaintiff initiated this action in San Diego Superior Court. *See* Compl. The Complaint asserts causes of action for: (1) unpaid overtime in violation of California Labor Code sections 510, 1194 and 1198; (2) failure to provide meal periods in violation of Labor Code sections 226.7 and 512; (3) failure to authorize and permit rest periods in violation of Labor Code section 226.7; (4) failure to furnish accurate itemized wage statements in violation of Labor Code section 226; (5) waiting time penalties in violation of Labor Code sections 201 through 203; (6) failure to reimburse business expenses in violation of Labor Code section 2802; (7) whistleblower retaliation in violation of Labor Code section 1102.5; (8) unlawful business practices in violation of California Business and Professions Code section 17200; and (9) declaratory relief regarding patent ownership. *Id.* at ¶¶ 18–57.

On July 6, 2026, Defendant and two related entities—Dunamis Medical Technologies, LLC and Dunamis Medical Technologies Inc.—filed a separate action against Plaintiff and Harmos Consulting, LLC in the United States District Court for the

Middle District of Alabama (the "Alabama Action"). Declaration of Sara Noel ("Noel Decl.," ECF No. 1-3 at 1–4) at ¶ 7; ECF No. 1-3, Ex. 8. The Alabama Action asserts causes of action for declaratory relief with respect to the ownership of the disputed patents and patent applications and the validity and enforceability of the Parties' assignment and consulting agreements. ECF No. 1-3, Ex. 8 at ¶¶ 40–55. The Action also asserts claims for breach of contract, breach of the duty to indemnify, promissory estoppel, and tortious interference with business relations. *Id.* at ¶¶ 56–91.

On the following day, Defendant removed this action to this Court, invoking federal question and diversity jurisdiction. ECF No. 1 at ¶¶ 15–17. Thereafter, on August 28, 2026, Defendant moved to transfer this action to the Middle District of Alabama under 28 U.S.C. § 1404(a) or, in the alternative, to stay the case pending resolution of the Alabama Action. ECF No. 10. On September 17, 2026, Plaintiff filed an opposition contending that the first-to-file rule favors retaining the action in this District and that the § 1404(a) factors weigh against transfer. ECF No. 11. Defendant filed its reply on September 24, 2026. ECF No. 12.

## II. LEGAL STANDARD

### A. Transfer of Venue Under 28 U.S.C. § 1404(a)

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal quotation marks omitted).

"A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in its determination whether transfer is appropriate in a particular case." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). "District courts consider the following factors when deciding a transfer motion: '(1) the plaintiff's choice of forum, (2)

convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) relative court congestion and time to trial in each forum.'" *Jones v. Skullcandy, Inc.*, No. 25-CV-1759 JLS (BLM), 2026 WL 699819, at *13 (S.D. Cal. Mar. 12, 2026) (quoting *Greenley v. Kochava, Inc.*, 684 F. Supp. 3d 1024, 1042 (S.D. Cal. 2023)); *see also GNC Franchising,* 211 F.3d at 498–99. The burden is on the movant to establish that transferring venue is appropriate under Section 1404(a). *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

### B. *Landis* Stay

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Clinton v. Jones,* 520 U.S. 681, 706 (1997) (stating that a district court "has broad discretion to stay proceedings as an incident to its power to control its own docket"). Under *Landis*, a district court may stay an action pending resolution of a related proceeding in another court. *See Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.").

"A stay is not a matter of right[.]" *Virginian R. Co. v. United States*, 272 U.S. 658, 672 (1926). "It is instead an exercise of judicial discretion, and [t]he propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (internal quotation marks omitted). "Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). The Ninth Circuit has "identified three non-exclusive factors courts must weigh when deciding whether to issue a docket management stay: (1) the possible damage which

may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law." *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023) (internal quotation marks omitted); *see CMAX,* 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254–255). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken*, 556 U.S. at 433–34.

## III. ANALYSIS

### A. Section 1404(a) Transfer

The Court first considers whether transfer to the Middle District of Alabama is warranted under 28 U.S.C. § 1404(a).

#### *1. Proper Venue*

As a threshold matter, before weighing the § 1404(a) factors, the Court must determine whether venue is proper in this District and whether this action could have been brought in the proposed transferee district. *See Burgess v. Knight Transportation Inc.*, No. CV-25-02944-PHX-DWL, 2026 WL 878868, at *2 (D. Ariz. Mar. 31, 2026) ("Because § 1404(a) governs transfer only in a properly venued case, the first step is to determine whether the transferor and transferee courts are proper venues."); *LaGuardia v. Designer Brands, Inc.*, No. 19CV1568 JM(BLM), 2020 WL 2463385, at *6 (S.D. Cal. May 7, 2020) ("Section 1404(a) requires that a movant must establish that venue is proper in the transferor district; that the transferee district is one where the action might have originally been brought; and that transfer will serve the convenience of the parties and witnesses and will promote the interests of justice.") (internal quotation marks omitted).

Here, because Defendant removed this action from San Diego Superior Court, venue is proper in this District under 28 U.S.C. § 1441(a). *See* 28 USCS § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is

pending.”); *Fellers v. C.W. Martin L. Off., PLLC*, No. 3:26-CV-900-GPC-JLB, 2026 WL 1214671, at *9 (S.D. Cal. May 1, 2026) (“[U]nder Section 1441(a), venue is proper in the judicial district encompassing the state court where action was brought. Since the Southern District of California encompasses San Diego County, removal to this Court complies with the federal venue requirement.”) (internal citation omitted); *Morris Cerullo World Evangelism, Inc. v. World Religious Relief, Inc.*, No. 13-CV-2780-BTM-BLM, 2014 WL 4352090, at *2 (S.D. Cal. Sept. 2, 2014) (“Venue of removed actions is determined by the removal venue statute, 28 U.S.C. § 1441(a), not by the general venue statutes.”).

This action could have also been brought in the Middle District of Alabama. “A civil action may be brought in . . . a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located.” *See* 28 U.S.C. § 1391(b)(1). For venue purposes, a limited liability company resides in “any judicial district in which it is subject to the court’s personal jurisdiction with respect to the civil action in question.” *Griffith v. Boll & Branch, LLC*, No. 19CV1551 JM (LL), 2020 WL 532419, at *4 (S.D. Cal. Feb. 3, 2020) (quoting 28 U.S.C. § 1391(c)(2)).

Defendant contends that venue is proper in the Middle District of Alabama because it is an Alabama citizen and maintains its only office there. ECF No. 10-1 at 13. Plaintiff concedes that venue would have been proper in the Middle District of Alabama for purposes of this Motion. ECF No. 11 at 12 (“[Plaintiff] concedes the action ‘might have been brought’ in the Middle District of Alabama, since that district would have personal jurisdiction over Dunamis . . . and venue would be proper . . . because Dunamis resides there.”). Venue is therefore proper in both this District and the Middle District of Alabama.

The above threshold venue requirements being satisfied, the Court next considers the §1404(a) convenience factors.

***2. Plaintiff’s Choice of Forum***

A plaintiff’s choice of forum is generally entitled to substantial deference, particularly where, as here, the plaintiff resides in the chosen forum. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981) (“[A] plaintiff’s choice of forum is entitled to greater

deference when the plaintiff has chosen the home forum."); *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("[G]reat weight is generally accorded plaintiff's choice of forum."). "As such, '[t]he defendant must [ordinarily] make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum.'" *Andersen v. Med. Sols. L.L.C.*, No. 26-CV-3123-RSH-MSB, 2026 WL 2574368, at *3 (S.D. Cal. Aug. 31, 2026) (quoting *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)).

Defendant argues Plaintiff's choice of forum deserves less deference here because Plaintiff's residence is the action's *only* connection to California. ECF No. 10-1 at 15. It is true that "numerous courts have given less deference to the plaintiff's choice of forum where the action has little connection with the chosen forum." *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1157 (S.D. Cal. 2005) (collecting cases). Nevertheless, the record indicates that Defendant solicited Plaintiff's services while he resided in California and that, apart from occasional travel, Plaintiff performed his day-to-day work for Defendant in California. Declaration of Forrest Samuel ("Samuel Decl.," ECF No. 11-1 at 1–7) at ¶¶ 3, 9. Consequently, Plaintiff asserts claims under the California Labor Code for work he performed in California, providing a connection to this forum beyond his mere residence. The Court therefore finds that this factor weighs against transfer.

### ***3. Convenience of the Parties and Witnesses***

"[V]enue is primarily a matter of convenience of litigants and witnesses." *Denver & R. G. W. R. Co. v. Bhd. of R.R. Trainmen*, 387 U.S. 556, 560 (1967); *see Hawkins v. Gerber Prods. Co.*, 924 F. Supp. 2d 1208, 1215 (S.D. Cal. 2013) ("The convenience of witnesses is often the most important factor considered by the court when deciding a motion to transfer for convenience.") (internal quotation marks omitted); *Saleh*, 361 F. Supp. 2d at 1160 ("The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a).") (internal quotation marks omitted). "In establishing inconvenience to witnesses, the moving party must name the witnesses, state their location, and explain their testimony and its relevance. *Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F. Supp. 2d 1183, 1193 (S.D. Cal. 2007).

"[T]he court must consider not simply how many witnesses each side has and the location of each, but, rather, the court must consider the importance of the witnesses." *Saleh*, 361 F. Supp. 2d at 1161; *see Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1335–36 (9th Cir. 1984) (holding that the "district court improperly focused on the number of witnesses in each location" and instead "should have examined the materiality and importance of the anticipated witnesses' testimony and then determined their accessibility and convenience to the forum.").

"[N]ot all witnesses are treated equal[ly]: '[I]n balancing the convenience of the witnesses, primary consideration is given to third part[ies], as opposed to employee witnesses.'" *Greenley*, 684 F. Supp. 3d at 1043 (quoting *Hawkins*, 924 F. Supp. 2d at 1215); *see also Glob. Plastic Sheeting v. Raven Indus.*, No. 17-CV-1670 DMS (KSC), 2018 WL 6920673, at *5 (S.D. Cal. May 31, 2018) ("[W]hile the convenience of Defendant's employee witnesses might be served by transferring this case . . . this factor should be given relatively little weight as such witnesses can be compelled to testify and a transfer would merely shift the inconvenience to Plaintiff.").

Here, Defendant identifies three current officers or employees as witnesses—Dr. Prithviraj R. Chavan, its founder and Chief Executive Officer, Dorothy Scott, its Office and Supply Chain Manager, and Sergio Torres, its Testing Engineer. Declaration of Prithviraj R. Chavan ("Chavan Decl.," ECF No. 10-8) at ¶¶ 1, 30(a), (c). All three are based in Alabama and their testimony is anticipated to address Defendant's working relationship with Plaintiff, the relevant consulting agreements, invoices, and payments, and Defendant's product development, testing, and recordkeeping practice. *Id.* at ¶¶ 4–5, 11–24, 30(a), (c). In turn, Plaintiff resides in Carlsbad and represents he performed his day-to-day work for Defendant there. Samuel Decl. at ¶¶ 2, 9.

Considering the convenience to Plaintiff and Defendant's current employees, the Court finds transfer in this case would "merely shift" the burden to Plaintiff. *Skullcandy,* 2026 WL 699819, at *14; *see In re Ferrero Litig.*, 768 F. Supp. 2d 1074, 1081 (S.D. Cal. 2011) ("In deciding whether to transfer, the Court must be careful to avoid a transfer that

'would merely shift rather than eliminate' the inconvenience of costs." (quoting *Decker*, 805 F.2d at 843)). This factor is therefore neutral as to the Parties and Defendant's current employees.

With respect to non-party witnesses, Defendant identifies eight witnesses: former Office Managers Jennifer Jernigan and Maria Christina Benavides, former accountant Carol B. Harold, former regulatory consultant Robert Dean, Scientific Advisory Team member Dr. Anish Potty, patent attorney Hemant Gupta, and third-party consultants Kenneth Ross and Ryan Siskey. ECF No. 10-1 at 11, 19. Their testimony is anticipated to address Plaintiff's relationship with Defendant, his invoices and payments, the formation of the consulting and patent assignment agreements, and Defendant's product development, testing, and regulatory compliance. Chavan Decl. at ¶¶ 29, 30(b), (d)–(i).

However, six of these witnesses—Benavides, Dean, Potty, Gupta, Ross, and Siskey—are based outside Alabama, in Texas, New York, Tennessee, Ohio, and Pennsylvania. *See* ECF No. 10-1 at 11; Chavan Decl. at ¶¶ 29, 30(e)–(i). Although Alabama may be comparatively more convenient for some of them, these witnesses would face travel burdens in either forum. As to the remaining two, Jernigan and Harold, each submitted sworn declarations describing personal and financial hardships associated with travel to California, but neither expressly states that they would decline to appear voluntarily in this District. Declaration of Carol B. Harold ("Harold Decl.," ECF No. 10-9) at ¶ 10; Declaration of Jennifer Jernigan ("Jernigan Decl.," ECF No. 12-2) at ¶ 10.

Plaintiff, in turn, identifies three non-party witnesses who work in this District—Jay B. Bell, a patent attorney, Yeuan Ling (Jerry) Yang, an engineering manager at SpiTrex Orthopedics, and William Karow, the owner of Cottrell Machine. Samuel Decl. at ¶ 14. Plaintiff represents that he expects Bell to testify about the patents and the scope of the assignments he prepared, and Yang and Karow to testify about Plaintiff's design work and the fabrication of product prototypes. *Id.* In a declaration submitted with Defendant's reply, however, Bell disputes Plaintiff's characterization of his anticipated testimony and states that he is willing and able to travel to Alabama to testify. Declaration of Jay B. Bell ("Bell

Decl.," ECF No. 12-1) at ¶¶ 8–10.

On balance, the convenience to non-party witnesses weighs slightly in favor of transfer. Although Alabama would be more convenient for several of Defendant's non-party witnesses, many are based outside Alabama and would face travel burdens in either forum, tempering the weight of this factor. *See House v. Portalus LLC*, No. 25-CV-03451-W (BJW), 2026 WL 3084660, at *6 (S.D. Cal. Oct. 15, 2026) (finding that witness convenience favored transfer "only moderately," reasoning that convenience mattered chiefly for trial because depositions would occur near the witnesses regardless of venue, and that transfer would merely shift inconvenience to the plaintiff); *Chen v. Pioneer Oil, LLC*, 472 F. Supp. 3d 704, 712 (N.D. Cal. 2020) (finding that access to witnesses and evidence favored transfer "only slightly" and witnesses and evidence that were located in neither of the proposed venues "lessen[ed] any convenience gained by transfer"); *Reyes v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, No. 14-CV-05596-JST, 2015 WL 1738269, at *4 (N.D. Cal. Apr. 9, 2015) (finding convenience to witnesses weighed "only slightly in favor of transfer" where there was "no way of knowing now how many of these witnesses will need to travel to California to testify at trial" and whether they would do so voluntarily).

#### *4. Ease of Access to Evidence*

The Court next considers the ease of access to sources of proof. Defendant contends this factor strongly favors transfer because its medical devices, including prototypes, and business records are maintained in Alabama. ECF No. 10-1 at 20–22.

Plaintiff's principal claims, however, concern his alleged misclassification under California law. Compl. at ¶¶ 7–13, 18–41. Defendant has not explained why resolving those claims would require the physical inspection of its medical devices. Although Defendant asserts that physical inspection is necessary to resolve Plaintiff's alternative patent ownership claim, it has also not adequately explained why representative samples or photographs would be insufficient or why shipping the relevant items to this District would be unduly burdensome. Indeed, Plaintiff declares that Defendant routinely shipped

prototypes and device components to him in Carlsbad without special packaging or handling. Samuel Decl. at ¶ 15.

As to documentary evidence, Defendant describes its business records as "voluminous" and asserts that scanning them would be unduly burdensome. ECF No. 12 at 10. These generalized assertions, however, do not establish that the relevant records would be substantially more difficult to access in this District. *See Doe v. Epic Games, Inc.*, 435 F. Supp. 3d 1024, 1042 (N.D. Cal. 2020) ("[I]n the age of electronically stored information, the ease of access to evidence is neutral because much of the evidence in this case will be electronic documents, which are relatively easy to obtain in any district.") (internal quotation marks omitted); *Byler v. Deluxe Corp.*, 222 F. Supp. 3d 885, 906 (S.D. Cal. 2016) ("Ease of access to evidence is generally not a predominate concern in evaluating whether to transfer venue because advances in technology have made it easy for documents to be transferred to different locations.") (internal quotation marks omitted). The Court finds this factor neutral.

***5. Familiarity of Each Forum with the Applicable Law***

The Court next considers each forum's familiarity with the governing law. Here, Plaintiff's principal claims concern his alleged misclassification under California employment law. Compl. at ¶¶ 18–50. Although the Middle District of Alabama is capable of applying that law, "[a] California district court is more familiar with California law than district courts in other states." *In re Ferrero*, 768 F. Supp. 2d at 1081; *Jones v. Kroenke Sports Holding, LLC*, No. 2:25-CV-06390-SPG-KS, 2025 WL 4739119, at *5 (C.D. Cal. Oct. 30, 2025) ("[C]ourts in California are likely more familiar with the California statutes than the District of Colorado."); *Getz v. Boeing Co.,* 547 F. Supp. 2d 1080, 1085 (N.D. Cal. 2008) ("A court in the Northern District of California is more familiar with California law than a court in the District of Arizona.").

Defendant asserts that Alabama law governs the Parties' Consulting Services Agreement and Nondisclosure Agreement, but acknowledges that the Consulting Services Agreement is unsigned and describes it as not being "specifically part of this Section

1404(a) analysis." ECF No. 10-1 at 16 n.2. Regardless, even if Alabama law governs issues concerning the agreements, Defendant has not established that any choice-of-law provisions extend to Plaintiff's statutory employment claims. *See Narayan v. EGL, Inc.*, 616 F.3d 895, 898–99 (9th Cir. 2010) (declining to apply a Texas choice-of-law provision to misclassification claims because those claims arose "under the Labor Code, a California regulatory scheme, and consequently, California law should apply to define the boundaries of liability under that scheme"). Given this limited showing and Defendant's own characterization of the agreement's relevance, the Court accords little weight to these agreements in evaluating this factor.

For these reasons, the Court finds that the predominance of California employment law claims in this case weighs against transfer. "But since other federal courts are fully capable of applying California law, this factor weighs only slightly against transfer." *Karl v. Zimmer Biomet Holdings, Inc.*, No. C 18-04176 WHA, 2018 WL 5809428, at *6 (N.D. Cal. Nov. 6, 2018).

***6. Feasibility of Consolidation***

Defendant further contends that the feasibility of consolidating this action with the Alabama Action weighs in favor of transfer. ECF No. 10-1 at 23–25. The Court disagrees. Both actions remain at an early pleading stage, and Plaintiff has moved to dismiss the Alabama Action for lack of personal jurisdiction. ECF No. 11-2 at 62–83. The anticipated ability to consolidate if this action were transferred remains uncertain. Moreover, Plaintiff filed this action first, a consideration that favors retaining it in this District despite the potential for consolidation in Alabama. *See Imran v. Vital Pharms., Inc.*, No. 18-cv-05758-JST, 2019 WL 1509180, at *7 (N.D. Cal. Apr. 5, 2019) (finding the possibility of consolidation with later-filed actions was not "independently dispositive" in transfer motion); *In re Ferrero Litig.,* 768 F. Supp. 2d at 1081–82 (finding that the consolidation factor weighed against transfer where the California actions were filed before the substantially similar action pending in the proposed transferee district); *Gales v. WinCo Foods*, No. C 09-05813 CRB, 2010 WL 1838917, at *3 (N.D. Cal. May 3, 2010) (giving

weight to the action's first-filed status in declining transfer despite the feasibility of consolidation with a related, later-filed action). Under these circumstances, the Court finds this factor neutral.

***7. Local Interest***

The Court also considers the "local interest in having localized controversies decided at home." *Piper Aircraft*, 454 U.S. at 260 (internal quotation marks omitted). Defendant argues that this factor favors transfer because the "crux" of the action lies in Alabama, where most witnesses and evidence are located. ECF No. 10-1 at 25. As noted above, however, Plaintiff's principal claims are directed to his alleged misclassification under California employment law. Compl. at ¶¶ 18–50. As such, the Court finds that both forums have a local interest in this dispute. This District has an interest in enforcing California labor laws governing work performed here. The Middle District of Alabama has an interest in resolving a dispute arising from the operations of employer that maintains its only office in Alabama. The Court therefore finds this factor neutral. *See Jimenez v. Haxton Masonry, Inc.*, No. 18-CV-07109-SVK, 2019 WL 9573762, at *5 (N.D. Cal. May 10, 2019) (finding competing local interests where California had an interest in enforcing its labor laws for work performed there and Arizona had an interest in adjudicating a dispute between an Arizona employer and its former employee). For these reasons, the Court finds this factor neutral.

***8. Relative Court Congestion***

Courts may consider relative docket congestion in evaluating a motion to transfer under § 1404(a). *See Piper*, 454 U.S. at 241 n.6. Defendant contends that this factor favors transfer because the Middle District of Alabama has fewer weighted filings per judgeship than this District. ECF Nos. 10-2 at 13, 15; 12 at 11. Defendant concedes, however, that it lacks time-to-trial statistics for the Middle District of Alabama. ECF No. 10-1 at 26. On this record, the difference in weighted filings provides an insufficient basis to conclude that this action would proceed to trial more quickly in the Middle District of Alabama. *See Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1337 (9th Cir. 1984) ("[T]he real issue is

not whether a dismissal will reduce a court's congestion but whether a trial may be speedier in another court because of its less crowded docket."); *Peregrine Semiconductor Corp. v. RF Micro Devices, Inc.*, No. 12CV911-IEG WMC, 2012 WL 2068728, at *9 (S.D. Cal. June 8, 2012) ("Defendants admit in their motion that they do not have any statistics showing the median time to trial in the Middle District of North Carolina. Therefore, Defendants cannot show that a trial may be speedier in the Middle District of North Carolina than the Southern District of California.") (internal citation omitted). The Court therefore finds this factor neutral.

***9. Conclusion***

On balance, based on the relevant factors, the Court concludes Defendant has not made a sufficient showing to overcome the deference owed to Plaintiff's choice of forum. Accordingly, Defendant's motion to transfer is **DENIED**.

**B. First-to-File Rule**

The first-to-file rule also supports retaining this action in this District. The first-to-file rule is "a generally recognized doctrine of federal comity[.]" *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94 (9th Cir. 1982). The rule was "developed to serve[] the purpose of promoting efficiency well and should not be disregarded lightly." *Alltrade, Inc. v. Uniweld Prods.*, 946 F.2d 622, 625 (9th Cir. 1991) (internal quotation marks omitted). "It may be invoked 'when a complaint involving the same parties and issues has already been filed in another district.'" *Id.* (quoting *Pacesetter*, 678 F.2d at 95). "Under the [first-to-file] rule, when cases involving the same parties and issues have been filed in two different districts, the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997). To determine whether the rule applies, courts consider three factors: "[the] chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015) (citing *Alltrade*, 946 F.2d at 625).

///

Here, all three factors weigh in favor of the rule's application. It is undisputed that Plaintiff filed this action first. ECF No. 10-1 at 27. Contrary to Defendant's argument, the short interval between the filing of the instant case and the Alabama Action does not preclude application of the rule. *See Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94 (9th Cir. 1982) (affirming application of the rule to actions filed three days apart); *see GM Northrup Corp. v. Massachusetts Bay Ins. Co.*, No. 3:22-CV-05243-RJB, 2022 WL 1689631, at *2 (W.D. Wash. May 26, 2022) (applying first-to-file rule based on cases filed two hours apart).

Second, Plaintiff and Defendant are parties to both actions, and the inclusion of additional parties in the Alabama Action does not defeat substantial similarity. *See Kohn*, 787 F.3d at 1240 ("Regarding similarity of the parties, courts have held that the first-to-file rule does not require exact identity of the parties. Rather, the first-to-file rule requires only substantial similarity of parties.") (internal citations omitted).

Finally, the issues in both cases are substantially similar. Plaintiff alleges in this action that Defendant misclassified him and seeks a declaration of patent ownership in the alternative if he is found to have been an independent contractor. Compl. at ¶¶ 7–13, 51–57. The Alabama plaintiffs likewise seek declarations concerning ownership of the same disputed patents and patent applications. ECF No. 1-3, Ex. 8 at ¶¶ 40–55. The Alabama plaintiffs expressly request a determination of Plaintiff's employment status. *See id.* at ¶¶ 55 (requesting a declaration that Plaintiff is an independent contractor); 58(e) (alleging breach of contract based on Plaintiff's demand that he had been misclassified as an independent contractor). Whether Plaintiff worked for Defendant as an employee or an independent contractor is therefore directly at issue in both cases.

For these reasons, the Court concludes the first-to-file rule applies and weighs against transfer. Because the Court has already determined that the balance of convenience factors under § 1404(a) do not warrant the transfer of this case, Defendant has not established a basis for departing from the rule on convenience grounds.

///

### C. *Landis* Stay

Defendant alternatively seeks a stay pending resolution of the Alabama Action or, at a minimum, completion of discovery in that action. ECF Nos. 10-1 at 27–29; 12 at 11. Specifically, Defendant argues that allowing the Alabama Action to proceed first would promote the efficient resolution of common issues in both cases. *Id.*

Here, Defendant has not sufficiently justified a stay. The Court has already determined that the first-to-file rule favors proceeding in this District and that the balance of convenience does not warrant departing from that rule. Defendant's stay request rests largely on the same considerations concerning the location of witnesses and evidence. ECF No. 10-1 at 28–29. For the reasons discussed above, those considerations likewise do not justify giving the later-filed Alabama Action priority by staying this action.

The remaining considerations also weigh against staying the case. Plaintiff declares that he has lacked a steady source of income since his termination, and a stay would postpone adjudication of his claims for unpaid compensation. Samuel Decl. at ¶ 13. Defendant, meanwhile, identifies no hardship beyond the ordinary burdens of litigating two actions, including the Alabama Action it filed *after* Plaintiff commenced this case. For these reasons, the Court **DENIES** Defendant's alternative request for a stay.[1]

///

///

---

[1] The Court grants the Parties' unopposed requests for judicial notice of court filings, filings with the California Secretary of State, and federal court management statistics. ECF Nos. 10-2, 11-2; *see Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("[W]e may take judicial notice of court filings and other matters of public record."); *Motul S.A. v. USA Wholesale Lubricant, Inc.*, 686 F. Supp. 3d 900, 910 (N.D. Cal. 2023) ("Filings with the California Secretary of State are also proper subjects of judicial notice because they are matters of public record whose accuracy is not subject to reasonable dispute."); *Lewis v. Sw. Airlines Co.*, No. 16-CV-00749-JCS, 2016 WL 3091998, at *7 (N.D. Cal. June 2, 2016) (granting judicial notice of federal court management statistics as a matter of public record).

## IV. CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendant's motion to transfer and **DENIES** Defendant's motion to stay.

**IT IS SO ORDERED.**

Dated: November 13, 2026

Hon. Robert S. Huie
United States District Judge